UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RUSSELL W. JOHNSTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:11CV2197 HEA |
| ) | |
| PENNY MILBURN, ) | |
| ) | |
| Respondent. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and motion to proceed in forma pauperis. According to the petition, petitioner is currently pursuing postconviction relief in state court. As a result, the Court will order petitioner to show cause why this action should not be dismissed without prejudice for failure to exhaust state remedies. Additionally, the Court will permit petitioner to proceed without payment of the filing fee.

Petitioner pled guilty in two separate criminal actions to forgery and felonious restraint.[1]  Petitioner received prison sentences of seven years and four years, respectively, with the sentences to be served consecutively. Petitioner did not appeal.

---

[1] State v. Johnston, No. 07E9-CR00482-01 (42nd Judicial Circuit, Iron County) (forgery); State v. Johnston, No. 08E9-CR00079-01 (42nd Judicial Circuit, Iron County) (restraint).

Petitioner filed a single Rule 24.035 motion for both convictions.[2] After a hearing, the postconviction court ordered that petitioner be resentenced. On November 16, 2010, petitioner was given amended sentences of six years and three years, to be served consecutively. Petitioner did not appeal. On June 10, 2011, petitioner filed a second Rule 24.035 motion challenging the amended sentences.[3] The court granted petitioner leave to proceed in forma pauperis and appointed counsel for petitioner. The case is currently in progress.

Petitioner filed the instant petition on December 12, 2011, which is the date it was received by the prison mail system. Petitioner is currently incarcerated at the Southeast Correctional Center, where Penny Milburn is the Acting Warden.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). Petitioner has not exhausted available state remedies because he has a motion for postconviction relief pending before the state court and the state court has accepted

---

[2] Johnson v. State, No. 08IR-CC00045 (42nd Judicial Circuit, Iron County).

[3] Johnson v. State, No. 11IR-CC00032 (42nd Judicial Circuit, Iron County).

the motion for review. As a result, the Court will direct petitioner to show cause within thirty days of the date of this order why this action should not be dismissed without prejudice.

Finally, the Court has reviewed petitioner's financial information and finds that he is unable to pay the filing fee. Consequently, the Court will grant petitioner's motion to proceed in forma pauperis.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall, no later than thirty (30) days from the date of this order, show cause why the petition for writ of habeas corpus should not be dismissed without prejudice for failure to exhaust state remedies.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall substitute Penny Milburn for the State of Missouri as respondent in this action.

Failure to comply with this order may result in the dismissal of this action.

Dated this 3rd day of January, 2012.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE